FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division   2009 MAY 14  P 1: 59

| | |
|---|---|
| JAMES DOBYNS ) | CLERK US DISTRICT COURT |
| ) | RICHMOND, VIRGINIA |
| *Plaintiff*, ) | |
| ) | Case No: CL09-0392 |
| v. ) | NOTICE OF REMOVAL |
| ) | (28 U.S.C. § 1446) |
| BRIDON-AMERICAN CORPORATION, et al., ) | |
| ) | |
| *Defendants*. ) | |

## NOTICE OF REMOVAL

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Chesterfield Trading Company, Inc., joined in and consented to by all other Defendants served and named in the State Court, hereby notes the removal of this civil action filed in the Circuit Court for the City of Richmond, Virginia, Case No. CL09-0392, to the United States District Court for the Eastern District of Virginia, Richmond Division pursuant to provisions of Sections 1441 and 1446 of Title 28 of the United States Code. In support, whereof Defendant Chesterfield Trading Company, Inc. states as follows:

### Federal Enclave Jurisdiction

1. On or about April 22, 2009 Chesterfield Trading Company, Inc. was served with a Writ of Summons and Complaint in the above-captioned matter. **(Exhibit 1).**

2. The Complaint alleges "On February 6, 2007, Dobyns was working in the course and scope of his employment with W.O. Grubb Crane Rental ("W.O. Grubb"),

which had contracted with AEI to perform the installation of a bridge crane at the Dahlgren Naval Surface Warfare Center in King George County, Virginia (the "subject premises")." **(Exhibit 1 at Paragraph 8).**

3. The Complaint further alleges "While Dobyns was working in the manlift at the subject premises, the slings holding the overhead crane girder broke suddenly and without warning, causing the crane girder to fall, striking and pinning Dobyns and bringing down the manlift." **(Exhibit 1 at Paragraph 11).**

4. The Complaint further alleges "As a direct and proximate result of the accident, Dobyns sustained severe and permanent disabling injuries including, but not limited to, an injured knee necessitating surgery." **(Exhibit 1 at Paragraph 14).**

5. The Plaintiff's Complaint alleges that the injury took place only at the Dahlgren Naval Surface Warfare Center in King George County, Virginia.

6. The accident at issue occurred on a parcel of land within Dahlgren Naval Surface Warfare Center which is owned exclusively by the Federal Government. This Honorable Court has recently issued an order pertaining to this specific issue. **(Exhibit 2)**

7. Under Art I. § 8, cl. 17 of the U.S. Constitution, Congress has the right to "exercise exclusive Legislation in all Cases whatsoever, over ... all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings." U.S. CONST., Art. I, § 8, cl. 17; *see, also, Anderson v. Crown*, 93 F. Supp.2d 697, 699 (E.D. Va. 2000).

8. Causes of action arising on federal enclaves "arise under" this constitutional provision and are thus removable as "federal question" cases pursuant to 28 U.S.C. §1441 (b). *Mater v. Holley*, 200 F.2d 123 (5th Cir. 1952) (it "would be

incongruous to hold that although the United States has exclusive sovereignty in the area here involved, its courts are without power to adjudicate controversies arising there ...").

9. The site of the accident at issue is a federal-enclave, and as such, it is subject to exclusive federal legislative jurisdiction and, thus, the concurrent judicial jurisdiction of the United States. *See, Inventory Report on Jurisdictional Status of Federal Areas within States* (Gen. Serv. Admin. June 30, 1962).

10. Plaintiff's alleged injury thus occurred on an exclusive federal enclave, thus invoking the jurisdiction of the United States District Court. Therefore, removal of this action is proper, because this is a civil action brought in state court over which the federal district courts would have had original jurisdiction had the action been commenced in federal court. *See*, 28 U.S.C. §1441 (b).

11. The timing of removal is governed by 28 U.S.C. § 1446(b), which provides that "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable...."

12. All defendants consent to the removal as evidence by **Exhibit 3**.

13. All state-court papers served on the defendant at the time of removal consisting of all process, pleadings, orders, and consent forms are attached as **Exhibit 4**.

WHEREFORE, Defendant Chesterfield Trading Company, Inc., joined in by all Defendants served and named in the State Court, pray that this action be removed to this Honorable Court.

Respectfully submitted,

CHESTERFIELD TRADING COMPANY, INC.

By: _____

Carl R. Schwertz, Esquire
VSB No: 27399
Counsel for Chesterfield Trading Co.
DUANE HAUCK & GNAPP, PC.
10 E. Franklin Street
Richmond, Virginia 23219
(804) 644-7400
(804) 649-8329 – facsimile
cschwetrz@duanehauck.com

## CERTIFICATE

This is to certify that the original of the foregoing Notice of Removal was hand delivered to the Clerk of the Court and mailed first class, postage prepaid, to the following this 14th day of May, 2009:

> John D. Gilbody, Esquire
> VSB No.: 42788
> Counsel for Plaintiff
> Geoffrey R. McDonald & Associates, P.C.
> 3315 West Broad Street
> Richmond, Virginia 23230
> (804) 359-4446
> (804) 359-5426 – facsimile
> jgilbody@mcdonaldinjurylaw.com
>
>
> Diane L. Lynch, Esquire
> VSB No. 71829
> Counsel for American Equipment Inc.
> Law Offices of Mark J. Beachy
> 9100 Arboretum Parkway, Suite 320
> Richmond, Virginia 23236-5411
> (804) 330-6807
> (804) 330-6811 – facsimile
> dllynch@travelers.com
>
>
> Michael R. Spitzer II, Esquire
> VSB # 68678
> Counsel for Defendants Cougar's Crane Company and
> Michael M. Smith
> Midkiff, Muncie & Ross, P.C.
> 9030 Stony Point Parkway, Suite 160
> Richmond, Virginia 23235
> (804) 560-9600
> (804) 560-5997 – facsimile
> mspitzer@midkifflaw.com
>
> Julie S. Palmer, Esquire
> VSB # 65800

Counsel for Defendant Bridon-American Corporation t/a
Universal Lifting Products
Harmon, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 – facsimile
jpalmer@hccw.com


Robert M. Caplan, Esquire
Counsel for Plaintiff
COHEN, PLACITELLA & ROTH, P.C.
2001 Market Street, Suite 2900
Philadelphia, PA 19103


_____
Carl R. Schwertz, Esquire
VSB No: 27399
Counsel for Chesterfield Trading Co.
DUANE HAUCK & GNAPP, PC.
10 E. Franklin Street
Richmond, Virginia 23219
(804) 644-7400
(804) 649-8329 – facsimile
cschwetrz@duanehauck.com